■ ANTHONY CZABAN, Individually and as Guardian ad Litem of DANIEL CZABAN, an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32126.)— Appeal from a judgment of the Court of Claims. The State of New York maintains a public camp-site at Moffett's Beach on Sacandaga Lake in Hamilton County. Among the facilities available for public use at the camp-site are an area for the erection of tents, a swimming beach and a dock at one end of the swimming area. The dock, 12 feet wide and extending 80 feet out into the water, was maintained for the use of boats in connection with the site. The beach is about twelve to thirteen hundred feet in length; it is sandy, and the slope under water descends very gradually. The swimming area is marked off by floating buoys connected by a rope which in general follows the water at a four-foot depth. The depth of the water at the end of the 80-foot pier was 26 inches. On August 24, 1951 Daniel Czaban, then 17 years old, drove with two companions to the campsite, picked out a camp location and pitched a tent. They brought with them a canoe for use in the lake. Daniel Czaban was a capable swimmer and a diver of average ability.

With his two companions he walked out onto the dock and stood there for a short time. No one was then swimming in the lake or using the lake beach. As a result of some discussion with his companions it was agreed that if Czaban went into the lake with his clothes on his companions would pay for the gasoline used in getting them to the campsite. Czaban testified that as he walked out on the dock he looked at the water and noticed that at about half-way to the end of the dock it was "about a foot, foot and a half deep there". At the end of the dock he said "it was four to five feet deep, I estimated it to be". He said he could see the bottom of the lake "Right at the end of the dock." He dove into the water, which as it has been seen, was only about 26 inches deep at that point. He was gravely injured. After a trial the Court of Claims dismissed the claim. We think that the decision is not against the weight of the evidence. The shallowness of the beach was apparent to anyone who saw it, and the injured boy himself, as he walked out on the dock, noticed that the water was very shallow. It is undisputed that it was 26 inches deep at the end of the dock; if a short distance back the boy could see clearly enough that it was a foot or a foot and a half deep (i. e., 12 to 18 inches) there seems no good reason why he could not see at the end of the dock that it was actually about two feet deep, since he testified he could see the bottom at that point. There was no diving board at the end of the dock to suggest an invitation to dive off it; the maintenance of the dock was justified by the fact that campers used the lake, as these boys had intended to use it, for boating and such a use required some dock facility in view of the very shallow beach. The dock was outside the area roped off for bathing; and the decision of the Court of Claims to the effect that the State ought not be required to anticipate at the risk of liability that a camper would use the dock to dive off into water which could be seen to be shallow seems to us to be justified. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.